UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br><br>v.<br><br>GARY RICHETELLI,<br>Defendant. | :<br>:<br>:  3:09-cv-361 (CFD)<br>:<br>:<br>:<br>:<br>: |

## RULING ON MOTION FOR CERTIFICATE OF APPEALABILITY

This case arises out of a complaint filed by the Securities and Exchange Commission ("SEC") against Gary Richetelli ("Richetelli"), a resident of Milford, Connecticut. Richetelli moved for partial summary judgment [Dkt. # 22], arguing that the SEC was required to show reliance. This motion was denied [Dkt. # 59]. He now seeks a certificate of appealability pursuant to 28 U.S.C. § 1292(b), which the SEC opposes.

**Applicable Law and Discussion**

Federal law proscribes several requirements for a certificate of appealability under 28 U.S.C. § 1292(b):

> [w]hen a district judge, in making in a civil action an order not otherwise appealable . . . shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). There are three requirements which must be satisfied before an order may be granted under this section: (1) it "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may

materially advance the ultimate termination of the litigation." Richards v. Fleetboston Fin. Corp., 2006 U.S. Dist. LEXIS 77150 at *3 (D. Conn. Oct. 16, 2006), citing 16 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3930 415 (2d ed. 1996). The first and third factors are often construed together. See In re Duplan Corp., 591 F.2d 139, 148 n.11 (2d Cir. 1978). While the issue need not be dispositive or have significant precedential value, it must nonetheless relate to a "controlling question of law." See Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990).

In this case, Richetelli is not entitled to a certificate of appealability because he cannot satisfy the second requirement. At the summary judgment stage, Richetelli and the SEC disagreed about the scope of the U.S. Supreme Court's holding in Stoneridge Inv. Partners v. Scientific-Atlanta, Inc., 552 U.S. 148 (2008), and whether it requires the SEC, in a SEC enforcement action like this one, to prove reliance when imposing primary liability on an actor who caused or assisted in misrepresentation. In support of their arguments, both Richetelli and the government cited cases from other district courts and circuit courts. However, the Second Circuit has not addressed this issue. Nevertheless, a certificate of appealability need not be granted simply because the district court decided a matter of first impression. "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996). Thus, although this Court's ruling on the matter constitutes a matter of first impression, the issue does not rise to the level of a "substantial ground for difference of opinion." See Flor, 79 F.3d at 284.

The third requirement, which goes to concerns of judicial economy, also counsels in favor of denying the instant motion. Richetelli moved for partial summary judgment. Therefore, even if he were to appeal on this issue and prevail, the remaining issues would require a trial. Accordingly, an appeal on this question would not "materially advance the ultimate termination of the litigation."

The statute providing for an interlocutory appeal carves out a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Since the issue which Richetelli seeks to appeal is not one where there is a "substantial ground for difference of opinion" nor a circumstance in which "an immediate appeal may materially advance the ultimate termination of the litigation," 28 U.S.C. 1292(b), the motion is denied.

**Conclusion**

For the reasons set forth above, the defendant's motion for a certificate of appealability [Dkt. # 62] is DENIED.

SO ORDERED this   22nd   day of November, 2010, at Hartford, Connecticut.

 /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY
UNITED STATES DISTRICT JUDGE**